**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH PRATHER** | § | |
| | § | |
| **V.** | § | |
| | § | **A-12-CV-1075-AWA** |
| **CAROLYN W. COLVIN,** | § | |
| **COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are: Plaintiff's Complaint seeking reversal of the Social Security Administration's final decision (Dkt. No. 5); Plaintiff's Brief in Support of Claim (Dkt. No. 18); and Defendant's Brief in Support of the Commissioner's Decision (Dkt. No. 19). Also before the Court is the Social Security record filed in this case (cited as "Tr.").

## I. General Background

Plaintiff Elizabeth Prather ("Prather") filed her application for disability insurance benefits on February 18, 2010, alleging a disability onset date of June 4, 2008. Tr. at 138. The Administration denied her claim initially and again upon her request for reconsideration. *Id*. at 12. An Administrative Law Judge ("ALJ") held a hearing on this matter on March 21, 2011. *Id.* Prather, a medical expert, and a vocational expert testified at the hearing, and Prather was represented by an attorney. *Id.* The ALJ determined that Prather was not disabled as defined by the statute from June 4, 2008 through the date of the ALJ's decision. *Id*. at 20.

## II. Definitions and Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A).  To determine if a claimant is disabled the Commissioner uses a five-step analysis:

1.  a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2.  a claimant will not be found to be disabled unless he has a "severe impairment";

3.  a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4.  a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5.  if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520.  A finding of

disability or no disability at any step "is conclusive and terminates the analysis." *Lovelace v. Bowen*,

813 F.2d 55, 58 (5th Cir. 1987).  The claimant has the burden of proof for the first four steps;

however, at step five, the burden initially shifts to the Commissioner to identify other work the

applicant is capable of performing.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).  If the

Commissioner "fulfills his burden of pointing out potential alternative employment, the burden then

shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (internal

quotation marks omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42

U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the

Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards.

*Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).  Substantial evidence is more than a scintilla

of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted).  The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174. However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III.  The ALJ's Findings

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Prather was disabled.  Tr. at 12-14.  At the first step, the ALJ determined that Prather had not engaged in substantial gainful activity since June 4, 2008.  *Id*. at 14.  At the second step, relying on *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the ALJ found that Prather suffered from the "severe impairments" of "migraine headaches, major depression, [and] dizziness." *Id*.  At step three, the ALJ found that, considered separately and in combination, Prather's impairments did not meet or medically equal the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).  *Id*.  The ALJ determined that the Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). *Id*. at 15.  In addition, the ALJ found that Prather "can occasionally climb ramps and

3

stairs, balance, stoop, kneel, crouch, and crawl" and that she "cannot climb ropes, ladders or scaffolds; nor should she work at unprotected heights or around moving and dangerous machinery." *Id*. at 15.  The ALJ also found that Prather retains the mental RFC "to perform simple, routine, repetitive tasks." *Id*.  At step four, the ALJ determined that the Plaintiff's RFC would prevent her from performing her past relevant work.  *Id*. at 19.  Considering Prather's age, education, work experience, and RFC, the ALJ found at step five that Prather was capable of performing other jobs that exist in significant numbers in the national economy.  *Id*.  Accordingly, the ALJ found that Prather was not disabled as defined by the Act.  *Id*. at 20.

## IV.  Issues

Although Prather explicitly identifies only one issue in her brief, it appears that there are three issues raised by her brief: (1) whether substantial evidence supports the ALJ's mental RFC assessment; (2) whether substantial evidence supports the ALJ's step five finding that Prather could perform other work; and (3) whether the ALJ committed reversible error by failing to meet the narrative discussion requirement of SSR 96-8p, *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184 (July 2, 1996).  *See* Dkt. No. 18 at 2-6.

## V.  Analysis

### A.      The ALJ's Mental RFC Assessment

Prather argues that the ALJ's mental RFC finding is not supported by substantial evidence because its language limiting Prather to "simple, routine, repetitive tasks" is too "broad" to accommodate Prather's moderate limitation in concentration, persistence, and pace.  Dkt. No. 18 at 3-5.  As an initial matter, Plaintiff is correct in stating that the ALJ concluded Prather had a moderate limitation in this area.  *See* Dkt. No. 18 at 3; Tr. at 15.  However, since a limitation in concentration,

persistence, and pace is one of the "paragraph B" criteria that are used at steps 2 and 3 of the evaluation process, the Commissioner is correct in asserting that such a finding does not dictate a specific mental RFC assessment under the Social Security regulations.  *See* Dkt. No. 19 at 4-5. Instead, SSR 96-8p specifically states:

> The adjudicator must remember that the limitations identified in the "paragraph B" . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.  The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C . . . .

1996 WL 374184 at *4.  The ALJ also noted this distinction in her decision.  Tr. at 15.  On the other hand, the Social Security regulations make clear that an ALJ must consider all of the relevant evidence in the claimant's file when formulating an RFC; such evidence necessarily includes "paragraph B" limitations.  SSR 96-8p, 1996 WL 374184 at *5.  Contrary to the Plaintiff's assertions, however, and as explained more fully below, the record establishes that the ALJ considered all of this evidence in determining Prather's RFC.

In support of her argument, Prather chiefly relies on a case from the United States District Court for the Northern District of Texas, *Otte v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2078-P (BF), 2010 WL 4363400 (N.D. Tex. Oct. 18, 2010), as well as several other cases from federal courts outside the Fifth Circuit.  *See* Dkt. No. 18 at 4-5.  In *Otte*, which is not binding on this Court, the court found that the mere restriction to "unskilled work" was insufficient to accommodate a moderate limitation in concentration, persistence, and pace, and that in making such a finding, the ALJ improperly assumed the role of a vocational expert.  2010 WL 4363400 at *7.  In contrast, in this case the ALJ limited Prather's mental RFC to "simple, routine, repetitive tasks;" this limitation is much more specific and detailed than the one at issue in *Otte*.  Tr. at 15.  Furthermore, as the *Otte*

court stated, the relative skill level associated with a given job "does not address whether a job entails only simple repetitive tasks" and thus "many jobs within this range [of unskilled work] require more than the mental capacity to follow simple instructions." 2010 WL 4363400 at *7. This problem does not arise here since the ALJ specifically limited Prather to "simple, routine, repetitive tasks." Tr. at 15. Furthermore, multiple decisions from courts in the Fifth Circuit with facts more closely resembling those in this case have upheld the ALJ's RFC assessments. For example, in an unpublished opinion, the Fifth Circuit held that an RFC assessment that concluded the plaintiff "would be able to understand, remember, and carry out routine step instructions and respond appropriately to supervisors and coworkers in jobs that do not require independent decision making" adequately accommodated the plaintiff's moderate limitation in concentration, persistence, and pace. *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 904 (5th Cir. 2010) (unpublished) (per curiam). In an earlier decision, the same court concluded that "restrictions to rare public interaction, low stress, and simple, one-to two-step instructions reflect that the ALJ reasonably incorporated [the plaintiff's] moderate concentration, persistence, and pace limitations." *Bordelon v. Astrue*, 281 Fed. Appx. 418, 423 (5th Cir. 2008) (unpublished) (per curiam). Although these opinions have limited precedential weight, they are instructive. Furthermore, these decisions mirror those of several district courts within this Circuit. For example, Judge Stickney of the Northern District of Texas concluded that a mental RFC limiting the plaintiff to "simple, routine tasks" was supported by substantial evidence even though the plaintiff had a moderate limitation in concentration, persistence, and pace. *Barr v. Astrue*, No. 2012 WL 2358307, *4-5 (N.D. Tex. June 21, 2012). Similarly, Judge Guaderrama of this district upheld an RFC assessment that found the plaintiff could

perform "the full range of medium work" despite her mild limitation in concentration, persistence, and pace.  *Acosta v. Astrue*, 865 F. Supp. 2d 767, 790 (W. D. Tex. 2012).[1]

Lastly, as the Commissioner points out, the ALJ's opinion makes clear that she did consider all of the relevant evidence, including Prather's moderate limitation in concentration, persistence, and pace, in reaching her RFC assessment.  *See* Dkt. No. 19 at 6-7.  For example, the ALJ's opinion states, "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."  Tr. at 15.  Furthermore, as the Commissioner notes, the ALJ supported her mental RFC findings by referencing the notes of a physician and a physician assistant who examined Prather between September 2008 and May 2010.  Dkt. No. 19 at 6-7; Tr. at 18.  Taken together, this evidence supports the ALJ's conclusion that Prather retains the mental ability to complete "simple, routine, repetitive tasks" notwithstanding her moderate limitation in concentration, persistence, and pace.  Tr. at 15.

In conclusion, the undersigned finds that, contrary to the Plaintiff's assertion, the ALJ's mental RFC assessment is supported by substantial evidence in the record and adequately

---

[1]The weight of authority from district courts within the Fifth Circuit supports the Commissioner's position on this issue.  *Longoria v. Colvin*, 2014 WL 2777473, *7 (N.D. Tex. May 21, 2014); *Cornejo v. Colvin*, 2013 WL 2539710, *9 (W.D. Tex. June 7, 2013); *Westover v. Astrue*, 2012 WL 6553102, *9 (N.D. Tex. Nov. 16, 2012); *Jackson v. Astrue*, No. 2011 WL 4943547, *8 (N.D. Tex. Aug. 23, 2011); *Patterson v. Astrue*, 2009 WL 3110205, *5 (N.D. Tex. Sept. 29, 2009).  Most of the decisions from district courts within this Circuit that appear to at least nominally support the Plaintiff's position involved broad or general RFC assessments more akin to the one at issue in *Otte*, distinguished above.  *See, e.g., Owen v. Astrue*, 2011 WL 588048, *14 (N.D. Tex. Feb. 9, 2011; *Webb v. Astrue*, 2010 WL 1644898, *13 (N.D. Tex. Mar. 2, 2010); *Chapa v. Astrue*, 2008 WL 952947, *6 (N.D. Tex. Apr. 8, 2008).  *C.f., Eastham v. Comm'r of Soc. Sec. Admin.*, 2012 WL 691893, *8-9 (N.D. Tex. Feb. 17, 2012); *Voyles v. Comm'r of Soc. Sec. Admin.*, 2011 WL 825711, *9 (N.D. Tex. Feb. 16, 2011).

accommodates Prather's moderate limitation in concentration, persistence, and pace.  Accordingly, Prather is not entitled to relief on this ground.[2]

## B.      The ALJ's Step Five Conclusion

In a related claim, Prather asserts that the ALJ erred because substantial evidence does not support her step five finding that Prather could perform other work since this finding stemmed from a hypothetical question to the vocational expert that included the "simple, routine, repetitive" limitation, which Plaintiff believes is inadequate as described above.  Dkt. No. 18 at 4-5.  For reasons discussed more fully below, this argument also fails.

The Fifth Circuit has established the following test for hypothetical questions posed to vocational experts in these circumstances:

> Unless [1] the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and [2] the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand.

*Bowling*, 36 F.3d at 436.  As articulated above, the ALJ considered all of the relevant evidence, including Prather's moderate limitation in concentration, persistence, and pace, in reaching the

---

[2] The undersigned notes that some courts outside this Circuit have held that RFC assessments similar to the one at issue in this case are insufficient to accommodate limitations in concentration, persistence, and pace.  *See, e.g., Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam); *Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009); *Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005).  This Court is not bound by these opinions.  *See Cornejo*, 2013 WL 2539710 at *9 ("In an unpublished Fifth Circuit opinion [*Bordelon*], the reasoning in *Wiederholt* was rejected . . . . [The *Bordelon*] reasoning is persuasive; the limitations on which the RFC is based are not required to be included verbatim in the RFC or in a hypothetical to the vocational expert.").

mental RFC assessment.  Thus, the mental RFC assessment represents an acceptable conclusion regarding the Plaintiff's disabilities, and by using the precise RFC language in formulating the hypothetical, the ALJ satisfied the first part of the *Bowling* test.  The record establishes that the second part of the *Bowling* test is also satisfied since Prather was represented by an attorney when she appeared before the ALJ and the ALJ explicitly gave Prather's attorney an opportunity to ask the vocational expert questions after she presented the hypothetical question.  *See* Tr. at 12, 63-65.

In summary, because the ALJ based her step five finding that Prather could perform other work on a vocational expert's testimony in response to a hypothetical question that meets the two requirements established for such questions in *Bowling*, Prather's claim that the finding lacks substantial evidence is without merit.

## C.    The ALJ's Narrative Discussion

Lastly, Prather argues that the ALJ committed reversible error in reaching her mental RFC assessment by failing to meet the narrative discussion requirement of SSR 96-8p. Dkt. No. 18 at 5-6. As the Plaintiff states, an ALJ must consider the following "work-related mental activities" in reaching an RFC assessment: "the ability to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."  *Id*. at 3-4; *see also* SSR 96-8p, 1996 WL 374184 at *1, 6.  However, as the United States District Court for the Northern District of Texas concluded, "the narrative discussion requirements [of SSR 96-8p] do not obligate the ALJ to discuss each of the four work-related mental activities," as Prather implies.  *Walton v. Astrue*, 2011 WL 195975, *9 (N.D. Tex. Jan. 20, 2011).  Instead, SSR 96-8p specifically requires an ALJ to "assess [the plaintiff's] work-related abilities on a function-by-function basis" and then "include

a narrative discussion describing how the evidence supports each conclusion" in the RFC. 1996 WL 374184 at *1, 7. Notably, these two requirements are discussed separately in SSR 96-8p. *See id*.

The Plaintiff has put forward no evidence that the ALJ failed to fulfill these separate requirements in her case, and instead, the ALJ's opinion makes clear that she did do so. For example, in her opinion the ALJ explicitly cites SSR 96-8p and the fact that the RFC evaluation "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B . . . ." Tr. at 15. The ALJ also stipulated that she made her RFC assessment "[a]fter careful consideration of the entire record." *Id*. Then, with regards to Prather's alleged mental health impairments, the ALJ supported her conclusion that "the symptoms [Prather] alleges prevent her from being able to work have improved and are controlled with prescribed medications" by referencing the notes of a treating physician, a treating physician assistant, and the medical expert who testified in the case. *Id*. at 18. These notes offer substantial evidence to support the ALJ's conclusion. For example, the treating physician, Arpan Desai, D.O., made the following comments regarding Prather's neuropsychiatric status on October 20, 2008:

> Mental status exam performed with findings of - no evidence of hallucinations, delusions, obsessions or homicidal/suicidal ideation. The patient's mood and affect are described as - normal. **Judgment and Insight** - Insight is appropriate concerning matters relevant to self. **Thought Processes/Cognitive Function** - appropriate fund of knowledge.

*Id*. at 255. Similarly, the physician assistant who regularly treated Prather, Ralph Hadley, found that she had "appropriate affect and demeanor; normal psychomotor function; normal speech pattern; [and] normal thought and perception" on July 10, 2009, notwithstanding his assessment that she suffered from a "[d]epressive disorder not elsewhere classified." *Id*. at 318. Hadley's notes from the same visit list several "Current Medications," and in the "Plan" portion Hadley wrote,

"FOLLOW-UP: Patient advised to return to clinic if symptoms worsen, change or persist, if [she] has any problem with medications, or has any other medical reason to be seen.  4 wks.  Continue current medications . . . ."  *Id*. at 317-18.  Hadley made similar findings regarding Prather's psychiatric state in his notes from visits on October 22, 2008; January 6, 2009; March 9, 2009; August 13, 2009; September 24, 2009; December 1, 2009; January 12, 2010; February 12, 2010; March 25, 2010; April 26, 2010; May 28, 2010; July 15, 2010; and September 9, 2010.  *Id*. at 330, 333, 337, 320, 322, 323, 325, 327, 384, 386-87, 388, 391, 393.  Lastly, the ALJ clearly took into consideration the medical expert's testimony regarding Prather's mental impairments since the expert testified she would limit the Plaintiff to "simple" tasks out of an "abundance of caution," and the ALJ accordingly limited Prather to "simple, routine, repetitive tasks" in her RFC assessment.  *Id*. at 63, 15.

In short, the Social Security regulations require an ALJ to (1) assess the work-related mental activities and (2) provide a narrative discussion connecting specific evidence in the record to his or her conclusions.  SSR 96-8p, 1996 WL 374184 at *1, 7.  The evidence cited above directly relates to the Plaintiff's "ability to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting," and thus it is clear that the ALJ fulfilled her obligation to assess the work-related mental activities as required by SSR 96-8p.  Dkt. No. 18 at 3-4.  Furthermore, the ALJ provided the required narrative discussion by connecting pieces of this evidence to her conclusion that Prather's alleged symptoms "have improved and are controlled with prescribed medications."  Tr. at 18.  For these reasons, the Plaintiff has failed to establish that she

is entitled to relief based on the ALJ's failure to comply with the narrative discussion requirement of SSR 96-8p.

### VI.  Conclusion

In summary, the ALJ applied the proper legal standards to Prather's case, and her findings are supported by substantial evidence in the record.  More specifically, the ALJ (1) accommodated Prather's moderate limitation in concentration, persistence, and pace in her mental RFC assessment; (2) relied on substantial evidence when she concluded that Prather could perform other work at step five of the evaluation process; and (3) complied with the narrative discussion requirement of SSR 96-8p.  As such, the Plaintiff has failed to establish grounds for relief.

For the foregoing reasons, it is ORDERED that the decision of the Commissioner of the Social Security Administration to deny disability insurance benefits to Elizabeth Prather is hereby AFFIRMED.

SIGNED this 21st day of August, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE